FRANK SHEPARD, Respondent, v. ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, June 28, 1910.

1. **RAILROADS: Construction Liens: Infants: Assignment of Debt.** Where an assignment by an infant of a claim for work, executed before the filing of a mechanic's lien, was treated as a nullity by the infant, and he, his father, and the assignee subsequently assigned the claim to plaintiff, after the lien was filed in the infant's name, the first assignment did not prevent the filing of the lien in his name.

2. ——: ——: **Enforcement: Effect of Overcharges.** Under section 4247, Revised Statutes 1899, an inadvertent overcharge by a lien claimant or the omission by mistake of credits does not defeat his right to enforce his lien.

Appeal from Clark Circuit Court.—*Hon. Chas. D. Stewart,* Judge.

AFFIRMED, CONDITIONALLY.

*T. L. Montgomery* for appellant.

(1) The court should have sustained the demurrer to the evidence offered separately in each count by defendant. The evidence in the cause does not justify any verdict against the defendants. The lien claims do not conform to the lien law. The evidence shows that credits were intentionally omitted from each claim and no recovery can be had thereon. Cogan v. Railroad, 101 Mo. App. 179; Kasper v. Railroad, 101 Mo. App. 323; Holmes v. Leadbetter, 95 Mo. App. 419; Weltmer v. Bishop, 171 Mo. 110, R. S. 1899, secs. 4239, 4240, 4241, 4247, 4256; Ultroff v. Gerhard, 42 Mo. App. 256; Schroeder v. Mueller, 33 Mo. App. 33; McWilliams v. Allen, 45 Mo. 574; Coe v. Ritter, 86 Mo. 286; Mill Co. v. Allison, 138 Mo. 55; Timber Co. v. Railroad, 180 Mo.

420; McAdow v. Millenberger, 75 Mo. App. 346; Weil v. Posten, 77 Mo. 284.; Wilson v. Albert, 89 Mo. 537; Griswold v. Railroad, 18 Mo. App. 52; Brown v. Railroad, 36 Mo. App. 458, R. S. 1899, sec. 4256; O'Connor v. Railroad, 111 Mo. 185; Vanhoosier v. Dunlap, 117 Mo. App. 529; Meyers v. Railroad, 120 Mo. App. 188; Griswold v. Railroad, 18 Mo. App. 52; Reed v. Batt, 100 Mo. 62; Faulkner v. Faulkner, 73 Mo. 327. (2) The judgment rendered herein is excessive and cannot stand. It is for more in each count thereof, than the amounts admitted to be due. by the respective claimants on the stand, and as shown by all the evidence in the cause. It is against the evidence and the law as declared by the court in declaration of law given by the court for the plaintiff. Dick, Admr., v. Feld, 38 Mo. App. 674; Fury v. Merriman, 45 Mo. 500; Hickman v. Railroad, 22 Mo. App. 544; Roman v. Trading Co., 87 Mo. App. 186; Payne v. Railroad, 129 Mo. 421.

*O. S. Callihan* for respondent.

The finding of the court sitting as a jury, upon all the issues of fact connected with the four lien accounts described in the petition, is fully supported by the evidence and is conclusive as to such issues. Hayner v. Crow, 79 Mo. 293; Smoot v. Kansas City, 194 Mo. 513; Taussing v. Wind, 98 Mo. App. 129; Treffinger v. Davis Co., 110 Mo. App. 453; Dowling v. Wheeler, 117 Mo. App. 169; Little v. Pump Co., 122 Mo. App. 620.

GOODE, J.—Action to enforce liens for work done by four laborers in constructing a second railway track for defendant company through Clark county. The work was let by defendant to the General Construction Company of Davenport, which company let part of its contract to a firm by the name of Rankin & Willard, and said firm sublet part of what they had agreed to do to the firm of McGuire & Truethart. There are four counts

in the petition on four separate liens filed by laborers named Boyce, Story, Gross and Weir. All the claims were assigned to plaintiff prior to the institution of the present action.

Boyce was a youth nineteen years of age when he worked on the railroad under a contract, his lien paper says, with John H. Truethart, sub-contractor under Rankin & Willard. Boyce claimed for ten hours work during thirteen days from December 4, 1906, to December 20th, inclusive, at twenty cents an hour, or twenty-six dollars, but the total is put at twenty-five dollars in the lien paper. Boyce's own testimony on the witness stand and the time check issued to him by Truethart, called for 110 hours at twenty cents an hour, or twenty-two dollars. The court gave judgment for twenty-five dollars on the first count of the petition and in this erred, for the judgment should have been for only twenty-two dollars. Points are made about Boyce having assigned his claim to a man named Druse, and that the assignment was prior to the filing of the lien, wherefore the lien could not be filed in Boyce's name. The assignment to Druse occurred before the lien was filed, but was treated as a nullity because Boyce was under age, and he, his father and Druse assigned later to plaintiff Shepard after the lien had been filed by Boyce. There is nothing in these points.

The second count declared on a lien in favor of Frank Story for ninety-two dollars for labor of himself, team and driver. Story testified only $59.40 was due him, saying "that is just exactly what is due me;" that the excess was claimed by mistake and he did not intend to claim for any more than was due. The petition demanded seventy-two dollars instead of ninety-two dollars, and the court below gave judgment for seventy-two dollars, or $12.60 above the true amount. The point is made that no recovery could be had on the Story lien because he surcharged his account. The overcharge was an inadvertence and will not defeat the demand. [R. S.

1899, sec. 4247; Midland Lumber Co. v. Kreeger, 52 Mo. App. 418; Kasper v. Railroad, 101 Mo. App. 323, 74 S. W. 145.]

The third count declared on the lien of Wm. B. Gross, for work by himself and two teams at eighty cents an hour, or $121.60. Gross testified only ninety-six dollars was due him for work done under Truethart, the contractor named in the lien account, and the court below excluded evidence regarding work done under any other contract. The finding on the third account was that Gross was entitled to $131.60, which is conceded by counsel for plaintiff to be ten dollars more than was due, and it is said the clerk of the court made a mistake in recording the judgment. We find a discrepancy between the abstract of the record and the judgment entry in the short transcript. According to the latter document the court found in favor of plaintiff for $121.60; that is to say, the amount claimed by Gross in his lien paper; whereas the abstract of the record shows the court found in favor of plaintiff on said account in the sum of $131.60. The total finding in favor of plaintiff in the closing part of the judgment, shows the court must have intended to find only $121.60 on the third count and hence it will be easy to correct this as well as the previous excesses. In any event the judgment should have been for only ninety-six dollars.

The fourth count of the petition counts on a lien filed by John W. Weir for five hundred and thirty-seven hours work at twenty cents an hour, or $107.40. By the testimony of Weir and all the relevant testimony, the amount due Weir was $41.10. His account was not intentionally surcharged, the mistake having occurred in this way: He sent a statement to his attorney to enable the latter to file a lien, and supposed a memorandum of the credits to be given had been inclosed, but by mistake it was omitted and the attorney filed the lien for the total amount of work done without showing the credits. The court entered judgment in favor of Weir

for $46.10, omitting to allow a credit of five dollars; but Weir testified he had been paid that sum by Boynton, agent for Truethart, and the amount for which judgment should have been given was $41.60.

Contention is made that the railroad was not sufficiently described in the lien papers and the lien accounts were not verified by affidavits, but we overrule these points.

The total judgment rendered below was $264.70; whereas judgment should have been entered for $218.50. If within two days from the filing of this opinion plaintiff will remit from the judgment the sum of $46.20, it will stand affirmed; otherwise will be reversed and the cause remanded.   All concur.